United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60964
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSHUA MOORE

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CR-57-2-LS
---------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joshua Moore appeals his conviction and sentence for carjacking and for discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 924(c)(1)(a)(iii).

Moore argues that the Government failed to preserve the contents of a security camera's videotape and the Government's delay in producing the videotape deprived him of due process. He

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also argues that the evidence is insufficient to support his conviction.

Due process requires the Government to preserve evidence that meets the standard of "constitutional materiality," or evidence that possesses both "an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984). Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process. Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988).

Moore's argument assumes that the videotape once contained footage of the carjacking, but no evidence supports this assumption. Moore also argues that the police officer used an improper device to view the videotape, and he speculates that viewing the tape in an improper device destroyed its contents. No evidence supports Moore's assumption that the police officer's actions destroyed the contents of the videotape. Additionally, Moore does not argue that the Government acted in bad faith with respect to the videotape. Moore thus has not established that the videotape possessed an exculpatory value that was apparent before the evidence was allegedly destroyed, nor has he

established that the Government acted in bad faith.  His failure-to-preserve-evidence claim therefore is unavailing.  Trombetta, 467 U.S. 489; Arizona, 488 U.S. at 57-58.

Additionally, while Moore complains that the Government's delay in producing the evidence also violated due process, Moore fails to argue that if the videotape had been disclosed earlier, the result of the proceeding would have been different.  Moore thus has failed to establish the materiality of the evidence and therefore he has not established that his right to a fair trial was jeopardized by the delay in producing the evidence.  See United States v. O'Keefe, 128 F.3d 885, 898 (5th Cir. 1997); United States v. Green, 46 F.3d 461, 464 (5th Cir. 1995).

Moore's challenge to the sufficiency of the evidence is also unavailing because the testimony of Michael Jackson, the carjacking victim, and Officer John Strong, a Jackson, Mississippi, police officer who stopped the stolen car and apprehended Moore, supports the conclusion that Jackson's vehicle was stolen from him while he was at a car wash, that the three men who stole the vehicle from Jackson had guns, that Moore used a weapon during the carjacking, and that Moore fired his weapon at Jackson as he and the others attempted to flee in Jackson's car.  These facts establish that Moore committed the offenses of carjacking and discharging a firearm during and in relation to a crime of violence.  See 18 U.S.C. § 924(c)(1)(a)(iii); 18 U.S.C. § 2119; see also United States v. Harris, 25 F.3d 1275, 1278

(5th Cir. 1994) (discussing offense elements); <u>United States v. Pankhurst</u>, 118 F.3d 345, 352 (5th Cir. 1997). Although Moore argues that Jackson erroneously identified one of the three individuals who stole the car and that a co-defendant of Moore presented a contrary version of the carjacking, Moore's arguments go to the weight of the evidence and to witness credibility, both of which are not part of an evidence sufficiency review. <u>United States v. Garcia</u>, 995 F.2d 556, 561 (5th Cir. 1993).

For the foregoing reasons, the district court's judgment is AFFIRMED.